Barry M. Benjamin (BMB 7350)
Marc A. Lieberstein (MAL 7116)
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Telephone:   (212) 297-5800
Facsimile:   (212) 916-2940

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**



---

GERSON & GERSON, INC., a New York corporation,

        Plaintiff,

v.

GRAND KNITTING MILLS, INC., a New York corporation,

        Defendant.

---

COMPLAINT  JUDGE PRESKA

**07 CIV 9802**

Civil Action No.: _____

**JURY DEMANDED**

    Plaintiff, Gerson & Gerson, Inc. ("Plaintiff"), by its attorneys, Day Pitney LLP, for its Complaint against defendant, Grand Knitting Mills, Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

    1.    This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125, and for unfair competition under the laws of the State of New York.

### THE PARTIES

    2.    Plaintiff is a New York corporation with a principal place of business at 112 West 34th Street, Suite 1710, New York, New York, 10120.

3. Defendant is a New York corporation with a place of business at 7050 New Horizons Boulevard, Amityville, New York, 11701.

## JURISDICTION AND VENUE

4. This action arises under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, the federal Lanham Act, 15 U.S.C. § 1125, and related state statutes and the common law. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over all state law claims asserted herein pursuant to 28 U.S.C. § 1367 (a). This Court has personal jurisdiction over Defendant pursuant to N.Y.C.P.L.R. § 301 by virtue of the fact that Defendant is a resident of the State of New York, transacts business within the State of New York, including the Southern District of New York, and has caused Plaintiff's injuries as alleged herein from its acts within or directed toward New York, including the Southern District of New York.

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b).

## FACTS COMMON TO ALL COUNTS
## PLAINTIFF'S COPYRIGHTED FABRIC DESIGN

6. Plaintiff is a well-known designer of elegant and affordable dresses for young girls.

7. One of the fabric designs Plaintiff utilizes in the design and manufacture of its dresses is titled "Daisies and Bees Applique and Embroidery" (the "Plaintiff's Fabric Design"). A copy of a dress designed and manufactured by Plaintiff illustrating the Plaintiff's Fabric Design is attached hereto as Exhibit A.

8. Plaintiff is the sole owner of all right, title and interest in and to Plaintiff's Fabric Design, including the copyright rights in Plaintiff's Fabric Design, such rights comprising, at

least, the exclusive right to reproduce, manufacture, distribute, sell or otherwise transfer ownership, or prepare derivative works based on Plaintiff's Fabric Design.

9. Plaintiff's Fabric Design is subject to protection under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* as Plaintiff has complied with the provisions of the copyright laws of the United States regarding registration in connection with Plaintiff's Fabric Design. A copy of the United States Copyright Registration for Plaintiff's Fabric Design is attached hereto as Exhibit B.

## DEFENDANT'S INFRINGING ACTS

10. Upon information and belief, Defendant manufactures, distributes and/or sells dresses for young girls.

11. Without authorization or permission of any kind from Plaintiff, Defendant is manufacturing, distributing and/or selling a dress which reflects a fabric design which is substantially and/or confusingly similar to Plaintiff's Fabric Design (the "Infringing Design"). A copy of such a dress utilizing the Infringing Design is attached hereto as Exhibit C.

12. By a letter dated September 19, 2007, Plaintiff demanded that Defendant cease and desist from any and all manufacture, distribution, marketing, sale, or offering for sale of any clothing reflecting the Infringing Design. A copy of that letter is attached hereto as Exhibit D. Upon information and belief, Defendant continues its infringing activities.

13. Upon information and belief, the Infringing Design was created long after Plaintiff's Fabric Design.

14. Upon information and belief, Defendant had knowledge of the existence of Plaintiff's Fabric Design prior to engaging in the infringing activity complained of herein.

15. Upon information and belief, Defendant had access to the Fabric Design prior to engaging in the infringing activities complained of herein.

16. Upon information and belief, there are other clothing items designed, manufactured and/or sold by Defendant, in addition to that illustrated in the attached Exhibit C, which utilize the Infringing Design.

17. Defendant has offered for sale and/or sold dresses utilizing the Infringing Design throughout New York, including the Southern District of New York.

18. Defendant is committing the infringing acts complained of herein willfully and with conscious disregard for Plaintiff's rights in Plaintiff's Fabric Design.

19. Defendant's actions have caused damage and irreparable harm to Plaintiff. Unless Defendant is compelled to discontinue these actions by the Court, Plaintiff will continue to suffer such damage and irreparable harm.

20. Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF

### COUNT I – COPYRIGHT INFRINGEMENT UNDER FEDERAL LAW

21. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff holds an enforceable copyright under United States copyright law in Plaintiff's Fabric Design.

23. By its acts complained of herein, Defendant has infringed Plaintiff's copyright in Plaintiff's Fabric Design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 (1), (2), and (3), and § 501 (a).

24. Defendant's acts of copyright infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

25. Defendant's acts of copyright infringement, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

26. Defendant has engaged and continues to engage in these activities knowingly and willfully, so as to justify an award of attorneys' fees under 17 U.S.C. § 505.

### COUNT II – FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW

27. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant's unlawful activities as set forth above, create a likelihood of confusion or mistake as to the source, origin, sponsorship or legitimacy of the goods offered or sold by Defendant; misappropriate and trade upon the fine reputation and goodwill amassed in Plaintiff's Fabric Design, thereby injuring that reputation and goodwill; and unjustly divert from Plaintiff to Defendant the benefits arising therefrom.

29. Defendant's aforesaid activities constitute false designation of origin, false description and false representation, unfair competition and false advertising in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

30. Defendant's acts of false designation of origin, false description and false representation, unfair competition and false advertising in commerce have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

31. Defendant's acts of false designation of origin, false description and representation, unfair competition and false advertising in commerce, unless enjoined by this

1566936A02110507

Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

32. Defendant has engaged and continues to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

## COUNT III – UNFAIR COMPETITION UNDER THE LAWS OF THE STATE OF NEW YORK

33. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 32 as if fully set forth herein.

34. By reason of Defendant's unlawful activities as set forth above, Defendant has engaged and is engaging in unfair competition with Plaintiff by copying, publishing, displaying, vending, distributing, selling, utilizing, promoting, and otherwise commercially benefiting from a fabric design which is likely to deceive and confuse the public into believing that Defendant's Infringing Design is the copyrighted Plaintiff's Fabric Design or is sponsored by, licensed by, endorsed by, or otherwise associated with Plaintiff, and by misappropriating or attempting to misappropriate the copyrighted Plaintiff's Fabric Design and Plaintiff's goodwill and reputation which are associated therewith.

35. By reason of the foregoing, Plaintiff is being irreparably damaged by Defendant's activities in the manner set forth above and will continue to be irreparably damaged unless Defendant is enjoined from continuing to commit the aforesaid acts.

**WHEREFORE**, Plaintiff prays for a judgment as follows:

1. An order enjoining and restraining Defendant, its officers, agents, servants, employees, related companies, parent companies, subsidiary companies, licensees, assigns and all parties in privity and/or acting in concert with it, from manufacturing, advertising, promoting,

selling, reproducing, displaying, creating, and/or distributing the Infringing Design or any product or item bearing the Infringing Design, or any other design which is substantially similar to or which otherwise infringes upon Plaintiff's Fabric Design.

2. A finding that Defendant's infringement was willful, wanton, and intentional and awarding actual damages sustained by Plaintiff and/or any profits realized by Defendant as a result of Defendant's infringement or, in the alternative, an award of statutory damages and attorneys' fees pursuant to 17 U.S.C. § 504.

3. That Defendant be ordered to segregate all proceeds from all orders for any products bearing the Infringing Design which have been sold, and to hold such proceeds in trust to be delivered to Plaintiff as the Court may order.

4. That Defendant be ordered to surrender to Plaintiff all products or items bearing the Infringing Design in its possessions, custody or control.

5. That Defendant be ordered to recall all products or items bearing the Infringing Design already shipped and to surrender those products or items to Plaintiff.

6. That Defendant be ordered to cancel any orders for any products or items bearing the Infringing Design.

7. That Defendant be ordered to send written notice, in a form approved by the Court, to each manufacturer, designer, printer, distributor, wholesaler and retailer, or any other party who has received the Infringing Design, advising the recipient that pursuant to an Order or Judgment of this Court, Defendant has been enjoined from manufacturing, publishing, advertising, offering for sale, selling, or authorizing any third party to manufacture, publish, advertise, offer for sale, or sell any products or items bearing the Infringing Design.

8. That Defendant be ordered to destroy all graphs, patterns, instructions, computer programs and any and all other means employed to create the Infringing Design, as well as all catalogues, signs, advertisements, labels, prints, wrappers, or packages bearing the Infringing Design, or an image thereof, in Defendant's possession custody and control.

9. That Defendant be ordered to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after the entry of the Order or Judgment, a report in writing and under oath setting forth in detail the manner in which Defendant has complied with the requirements of such Order or Judgment.

10. Such other and further relief as the Court may deem just and equitable under the circumstances herein.

Dated this 5th day of November, 2007.

Respectfully submitted,

By: _____
Barry M. Benjamin (BMB 7350)
Marc A. Lieberstein (MAL 7116)
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Telephone:   (212) 297-5800
Facsimile:    (212) 916-2940

Attorneys for Plaintiff
Gerson & Gerson, Inc.

1566936A02110507