Barry M. Benjamin (BMB 7350)
Marc A. Lieberstein (MAL 7116)
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Telephone: (212) 297-5800
Facsimile: (212) 916-2940

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERSON & GERSON, INC., a New York corporation, | |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| GRAND KNITTING MILLS, INC., a New York corporation, | Civil Action No. 07 cv 9802 (LAP) |
| and | **JURY DEMANDED** |
| BLUEBERRY BLVD., LLC, a New York limited liability company | |
| Defendants. | |

Plaintiff, Gerson & Gerson, Inc. ("Plaintiff"), by its attorneys, Day Pitney LLP, for its First Amended Complaint against defendants, Grand Knitting Mills, Inc. ("Grand Knitting") and Blueberry Blvd., LLC ("Blueberry") (Grand Knitting and Blueberry are collectively referred to as "Defendants"), alleges as follows:

### INTRODUCTION

1. This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*, for false designation of origin and unfair competition under the

1583514A02112607

Lanham Act, 15 U.S.C. § 1125, and for unfair competition under the laws of the State of New York.

## THE PARTIES

2.  Plaintiff is a New York corporation with a principal place of business at 112 West 34th Street, Suite 1710, New York, New York, 10120.

3.  Defendant Grand Knitting is a New York corporation with a place of business at 7050 New Horizons Boulevard, Amityville, New York, 11701.

4.  Defendant Blueberry is a New York limited liability company with an address listed as "c/o Grand Knitting Mills, Inc., 7050 New Horizons Boulevard, Amityville, New York, 11701."

## JURISDICTION AND VENUE

5.  This action arises under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, and the federal Lanham Act, 15 U.S.C. § 1125, and related state statutes and the common law. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over all state law claims asserted herein pursuant to 28 U.S.C. § 1367 (a). This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. § 301 by virtue of the fact that Defendants reside in the State of New York, including the Southern District of New York, transact business within the State of New York, including the Southern District of New York, and have caused Plaintiff's injuries as alleged herein from its acts within or directed toward New York, including the Southern District of New York.

6.  Venue is proper pursuant to 28 U.S.C. §1391 (b).

2

1583514A02112607

## FACTS COMMON TO ALL COUNTS

### PLAINTIFF'S COPYRIGHTED FABRIC DESIGN

7. Plaintiff is a well-known designer of elegant and affordable dresses for young girls.

8. One of the fabric designs Plaintiff utilizes in the design and manufacture of its dresses is titled "Daisies and Bees Applique and Embroidery" (the "Plaintiff's Fabric Design"). A copy of a dress designed and manufactured by Plaintiff illustrating the Plaintiff's Fabric Design is attached hereto as Exhibit A.

9. Plaintiff is the sole owner of all right, title and interest in and to Plaintiff's Fabric Design, including the copyright rights in Plaintiff's Fabric Design, such rights comprising, at least, the exclusive right to reproduce, manufacture, distribute, sell or otherwise transfer ownership, or prepare derivative works based on Plaintiff's Fabric Design.

10. Plaintiff's Fabric Design is subject to protection under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* as Plaintiff has complied with the provisions of the copyright laws of the United States regarding registration in connection with Plaintiff's Fabric Design. A copy of the United States Copyright Registration for Plaintiff's Fabric Design is attached hereto as Exhibit B.

### DEFENDANTS' INFRINGING ACTS

11. Upon information and belief, Defendants are collectively engaged in the manufacture, distribution and/or sale of dresses for young girls.

12. Without authorization or permission of any kind from Plaintiff, Defendants are manufacturing, distributing and/or selling a dress which reflects a fabric design which is

substantially and/or confusingly similar to Plaintiff's Fabric Design (the "Infringing Design"). A copy of such a dress utilizing the Infringing Design is attached hereto as Exhibit C.

13. By a letter to Grand Knitting dated September 19, 2007, Plaintiff demanded the complete and immediate cessation of any and all manufacture, distribution, marketing, sale, or offering for sale of any clothing reflecting the Infringing Design. A copy of that letter is attached hereto as Exhibit D. Upon information and belief, Defendants continue their infringing activities.

14. Upon information and belief, the Infringing Design was created long after Plaintiff's Fabric Design.

15. Upon information and belief, Defendants had knowledge of the existence of Plaintiff's Fabric Design prior to engaging in the infringing activity complained of herein.

16. Upon information and belief, Defendants had access to the Fabric Design prior to engaging in the infringing activities complained of herein.

17. Upon information and belief, there are other clothing items designed, manufactured and/or sold by Defendants, in addition to that illustrated in the attached Exhibit C, which utilize the Infringing Design.

18. Defendants have offered for sale and/or sold dresses utilizing the Infringing Design throughout New York, including the Southern District of New York.

19. Defendants are committing the infringing acts complained of herein willfully and with conscious disregard for Plaintiff's rights in Plaintiff's Fabric Design.

20. Defendants' actions have caused damage and irreparable harm to Plaintiff. Unless Defendants are compelled to discontinue these actions by the Court, Plaintiff will continue to suffer such damage and irreparable harm.

21. Defendants are each jointly and severally liable for all damage caused to Plaintiff by the acts complained of herein.

22. Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF

### COUNT I – COPYRIGHT INFRINGEMENT UNDER FEDERAL LAW

23. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff holds an enforceable copyright under United States copyright law in Plaintiff's Fabric Design.

25. By their acts complained of herein, Defendants have infringed Plaintiff's copyright in Plaintiff's Fabric Design in violation of the United States Copyright Act, 17 U.S.C. §§ 106 (1), (2), and (3), and § 501 (a).

26. Defendants' acts of copyright infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

27. Defendants' acts of copyright infringement, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

28. Defendants are each jointly and severally liable for all damage caused to Plaintiff by their copyright infringement under federal law.

29. Defendants have engaged and continue to engage in these activities knowingly and willfully, so as to justify an award of attorneys' fees under 17 U.S.C. § 505.

## COUNT II – FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW

30. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 29 as if fully set forth herein.

31. Defendants' unlawful activities, as set forth above, create a likelihood of confusion or mistake as to the source, origin, sponsorship or legitimacy of the goods offered or sold by Defendants; misappropriate and trade upon the fine reputation and goodwill amassed in Plaintiff's Fabric Design, thereby injuring that reputation and goodwill; and unjustly divert from Plaintiff to Defendants the benefits arising therefrom.

32. Defendants' aforesaid activities constitute false designation of origin, false description and false representation, unfair competition and false advertising in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

33. Defendants' acts of false designation of origin, false description and false representation, unfair competition and false advertising in commerce have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

34. Defendants' acts of false designation of origin, false description and representation, unfair competition and false advertising in commerce, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

35. Defendants are each jointly and severally liable for all damage caused to Plaintiff by their false designation under federal law.

36. Defendants have engaged and continue to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

1583514A02112607

## COUNT III – UNFAIR COMPETITION UNDER
## THE LAWS OF THE STATE OF NEW YORK

37. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 36 as if fully set forth herein.

38. By reason of Defendants' unlawful activities, as set forth above, Defendants have engaged and are engaging in unfair competition with Plaintiff by copying, publishing, displaying, vending, distributing, selling, utilizing, promoting, and otherwise commercially benefiting from a fabric design which is likely to deceive and confuse the public into believing that Defendants' Infringing Design is the copyrighted Plaintiff's Fabric Design or is sponsored by, licensed by, endorsed by, or otherwise associated with Plaintiff, and by misappropriating or attempting to misappropriate the copyrighted Plaintiff's Fabric Design and Plaintiff's goodwill and reputation which are associated therewith.

39. Defendants are each jointly and severally liable for all damage caused to Plaintiff by their unfair competition under the laws of the State of New York.

40. By reason of the foregoing, Plaintiff is being irreparably damaged by Defendants' activities in the manner set forth above and will continue to be irreparably damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

**WHEREFORE,** Plaintiff prays for a judgment as follows:

1. An order enjoining and restraining Defendants, their officers, agents, servants, employees, related companies, parent companies, subsidiary companies, licensees, assigns and all parties in privity and/or acting in concert with it, from manufacturing, advertising, promoting, selling, reproducing, displaying, creating, and/or distributing the Infringing Design or any

1583514A02112607

product or item bearing the Infringing Design, or any other design which is substantially similar to or which otherwise infringes upon Plaintiff's Fabric Design.

2. A finding that Defendants' infringement was willful, wanton, and intentional and awarding actual damages sustained by Plaintiff and any profits realized by Defendants as a result of Defendants' infringement or, in the alternative, an award of statutory damages and attorneys' fees pursuant to 17 U.S.C. § 504.

3. That Defendants be ordered to segregate all proceeds from all orders for any products bearing the Infringing Design which have been sold, and to hold such proceeds in trust to be delivered to Plaintiff as the Court may order.

4. That Defendants be ordered to surrender to Plaintiff all products or items bearing the Infringing Design in its possessions, custody or control.

5. That Defendants be ordered to recall all products or items bearing the Infringing Design already shipped and to surrender those products or items to Plaintiff.

6. That Defendants be ordered to cancel any orders for any products or items bearing the Infringing Design.

7. That Defendants be ordered to send written notice, in a form approved by the Court, to each manufacturer, designer, printer, distributor, wholesaler and retailer, or any other party who has received the Infringing Design, advising the recipient that pursuant to an Order or Judgment of this Court, Defendants have been enjoined from manufacturing, publishing, advertising, offering for sale, selling, or authorizing any third party to manufacture, publish, advertise, offer for sale, or sell, any products or items bearing the Infringing Design.

8. That Defendants be ordered to destroy all graphs, patterns, instructions, computer programs and any and all other means employed to create the Infringing Design, as well as all

catalogues, signs, advertisements, labels, prints, wrappers, or packages bearing the Infringing Design, or an image thereof, in Defendants' possession custody and control.

9. That Defendants be ordered to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after the entry of the Order or Judgment, a report in writing and under oath setting forth in detail the manner in which Defendants have complied with the requirements of such Order or Judgment.

10. Such other and further relief as the Court may deem just and equitable under the circumstances herein.

Dated this 26th day of November 2007.       Respectfully submitted,

By: *[signature]*
Barry M. Benjamin (BMB 7350)
Marc A. Lieberstein (MAL 7116)
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Telephone:  (212) 297-5800
Facsimile:  (212) 916-2940

Attorneys for Plaintiff
Gerson & Gerson, Inc.