**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GERSON & GERSON, INC.,
a New York Corporation,

        *Plaintiff*,

   -against-

GRAND KNITTING MILLS, INC.,
a New York Corporation, and
BLUEBERRY BLVD., LLC,
a New York Limited Liability Co.,

        *Defendants*.

07 Civ. 9802 (LAP)

**DEFENDANTS' ANSWER TO
THE FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS**

     The defendants Grand Knitting Mills, Inc. ("GKM"), and Blueberry Blvd., LLC, ("Blueberry"), by their attorneys Abelman Frayne & Schwab, answer the First Amended Complaint as follows:

     1.   In response to paragraph 1 of the First Amended Complaint, the Defendants admit only that the First Amended Complaint purports to allege violations of the Copyright and Lanham Act, as well as the common law, but the Defendants deny that they have violated any of the Plaintiff's rights.

     2.   Defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2 of the First Amended Complaint, and on that basis deny them.

     3.   In response to paragraph 3 of the First Amended Complaint, the Defendant GKM admits that it is a New York corporation with a place of business at 7050 New Horizons Boulevard, Amityville, NY 11701, but denies any remaining allegations therein.

4.    In response to paragraph 4 of the First Amended Complaint, the Defendant Blueberry admits that it is a limited liability company with a place of business at 7050 New Horizons Boulevard, Amityville, NY 11701, but denies any remaining allegations therein.

5.    In response to paragraph 5 of the First Amended Complaint, the Defendants admit that the Court has jurisdiction over the subject matter of this action and over them, but deny any remaining allegations therein.

6.    In response to paragraph 6 of the First Amended Complaint, the Defendants admit that venue lies in this jurisdiction.

7.    Defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraphs 7 through 10 of the First Amended Complaint, and on that basis deny them.

8.    In response to paragraph 11 of the First Amended Complaint, Defendants admit that Blueberry distributes and sells girls dresses, but denies any remaining allegations therein.

9.    The Defendants deny the allegations in paragraph 12 of the First Amended Complaint.

10.    In response to paragraph 13 of the First Amended Complaint, GKM admits that it received a copy of the letter attached as Exhibit D to the First Amended Complaint.    The Defendants deny any remaining allegations therein.

11.    In response to paragraph 14 of the First Amended Complaint, the Defendants deny that they have infringed any rights of the plaintiff.    The defendants have insufficient knowledge or

information to form a belief as to the truth or falsity of the remaining allegations therein, and on that basis deny them.

12. The Defendants have not completed their investigation of the knowledge and access within their businesses of the Plaintiff's Fabric Design. They therefore have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraphs 15 and 16 of the First Amended Complaint, and on that basis, deny them.

13. In response to paragraph 17 of the First Amended Complaint, Blueberry admits that it has imported and sold the accused dresses in sizes other than that illustrated in Exhibit C to the First Amended Complaint. The Defendants deny the remaining allegations therein.

14. In response to paragraph 18 of the First Amended Complaint, Blueberry admits that it has sold the accused dresses in the Southern District of New York. The Defendants deny the remaining allegations therein.

15. The Defendants deny the allegations in paragraphs 19 through 22 of the First Amended Complaint.

16. In response to paragraph 23 of the First Amended Complaint, the defendants adopt and incorporate their responses to paragraphs 1 through 22 of the First Amended Complaint as if fully set forth herein.

17. The Defendants deny the allegations in paragraphs 24 through 29 of the First Amended Complaint.

18. In response to paragraph 30 of the First Amended Complaint, the defendants adopt and incorporate their responses to

paragraphs 1 through 29 of the First Amended Complaint as if fully set forth herein.

19.   The Defendants deny the allegations in paragraphs 31 through 36 of the First Amended Complaint.

20.   In response to paragraph 37 of the First Amended Complaint, the defendants adopt and incorporate their responses to paragraphs 1 through 36 of the First Amended Complaint as if fully set forth herein.

21.   The Defendants deny the allegations in paragraphs 38 through 40 of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

22.   The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

23.   The Plaintiff's claims for unfair competition are preempted by the Copyright Act.

## THIRD AFFIRMATIVE DEFENSE

24.   The plaintiff has not plead a *prima facie* cause of action for trade dress infringement or unfair competition.

## FOURTH AFFIRMATIVE DEFENSE

25.   Upon information and belief, the work which is the subject of the Plaintiff's purported copyright is in the public domain.

## FIFTH AFFIRMATIVE DEFENSE

26.   Upon information and belief, the claims alleged are barred in whole or in part under the Doctrine of Unclean Hands and/or Laches.

### SIXTH AFFIRMATIVE DEFENSE

27.    Upon information and belief, the alleged copyright registration is invalid because it fails to satisfy the conditions and requirements specified in Title 17 of the United States Code.

### SEVENTH AFFIRMATIVE DEFENSE

28.    Upon information and belief, the plaintiff does not own the copyright in the work referred to in the First Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

29.    The copyrightable subject matter of plaintiff's purported work is neither substantially nor strikingly similar to the accused products.

### NINTH AFFIRMATIVE DEFENSE

30.    The accused products do not appropriate any protectable element of the Plaintiff's alleged copyrighted work.

### TENTH AFFIRMATIVE DEFENSE

31.    Plaintiff's alleged copyright is based upon non-original features, and thus is invalid under 17 U.S.C. §§ 101, 102.

### ELEVENTH AFFIRMATIVE DEFENSE

32.    Upon information and belief, the purported trade dress asserted is invalid because it fails to satisfy the conditions and requirements specified in Title 15 of the United States Code.

## COUNTERCLAIMS

For their counterclaims against the Plaintiff, the Defendants state as follows:

### The Parties

33.  GKM is a corporation organized and existing under the laws of the State of New York, having a place of business at 7050 New Horizons Boulevard, Amityville, New York, 11701.

34.  Blueberry is a limited liability company having a place of business at 7050 New Horizons Boulevard, Amityville, New York, 11701.

35.  Upon information and belief, the Plaintiff is a corporation organized and existing under the laws of the State of New York with a principal place of business at 112 West 34th Street, Suite 1710, New York, New York, 10120.

### Jurisdiction

36.  The Court has jurisdiction over the subject matter of these counterclaims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1337, 1338.

37.  There is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as well.

38.  The Court also has declaratory judgment jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202.

39.  Venue is proper in the this district pursuant to 28 U.S.C. § 1391(b) and (c).

40.  The Court has personal jurisdiction over the plaintiff, as it conducts substantial business in the State of New York.

**First Counterclaim For A**
**Declaratory Judgment of Non-Infringement**

41.    The Defendants repeat and reallege the allegations set forth in paragraphs 33-40 above as though fully set forth herein.

42.    In view of the Plaintiff's charge of infringement, an actual case or controversy between the parties exists under the United States Copyright Act, 17 U.S.C. §101, *et. seq.*, as to whether the Defendants have infringed Plaintiff's alleged copyright.

43.    There is neither a substantial nor a striking similarity between the protectable elements of the alleged copyrighted subject matter and products sold by Defendants.

44.    The accused products do not appropriate any protectable element of plaintiff's alleged copyrighted design.

45.    Defendants accordingly seek a declaration that the accused products do not infringe any copyright owned by the Plaintiff.

46.    Defendants have no adequate remedy at law.

**Second Counterclaim for a**
**Declaratory Judgment of Invalidity**

47.    The Defendants repeat and reallege the allegations set forth in paragraphs 33-46 above as though fully set forth herein.

48.    The Plaintiff's alleged copyright is based upon non-original features in the public domain, which are not subject to copyright under 17 U.S.C. §§ 101, 102, thereby rendering it invalid.

49.   The Defendants accordingly seek a declaration that Plaintiff's copyright registration is invalid.

50.   Defendants have no adequate remedy at law.

### Third Counterclaim for Declaratory Judgment of Non-infringement of Plaintiff's Purported Trade Dress

51.   The Defendants reassert paragraphs 33 through 50 above as if fully set forth herein.

52.   There is an actual controversy between the Defendants and the Plaintiff as set forth in the complaint with respect to the Plaintiff's purported trade dress in its Fabric Design.

53.   The Plaintiff's purported trade dress in its Fabric Design is generic and does not constitute a source indemnifying indicia.

54.   The Defendants seek a declaratory judgment that they do not infringe and the Plaintiff has no protectable trade dress right in its Fabric Design.

55.   Defendants have no adequate remedy at law.

### Fourth Counterclaim for Unfair Competition

56.   The Defendants repeat and reallege the allegations set forth in paragraphs 33-54 above as though fully set forth herein.

57.   The Plaintiff purports to own and upon information and belief is seeking hereby to enforce an invalid copyright and trade dress with the intent of unlawfully precluding competitors from using the Fabric Design.

58.   The Plaintiff is a competitor of the Defendants.

59.   The Plaintiff's actions constitutes misuse of the Lanham and Copyright Acts, and the Plaintiff will continue to do so and engage in unfair competition unless its actions are enjoined by the Court.

60.   As a result of the Plaintiff's acts of misuse of Lanham and Copyright Acts, and unfair competition, the Defendants are precluded from competing fairly in the market, causing them substantial damage, in an amount to be determined at trial of this action.

61.   Defendants have no adequate remedy at law.

**WHEREFORE,** the Defendants request judgment against the Plaintiff as follows:

1.   dismissing the First Amended Complaint with prejudice;

2.   for a declaration that the copyright and trade dress asserted therein is invalid, unenforceable, and void in law;

3.   for a declaration that the Defendants have not infringed any of the Plaintiff's rights;

4.   for a preliminary and permanent injunction prohibiting the Plaintiff, its agents, servants, employees, attorneys, and those persons in active concert or participation with it from initiating infringement litigation or from threatening the Defendants, or any of their customers, dealers, agents, servants, or employees with infringement litigation or charging any of them either verbally or in writing with infringement of any rights which the Plaintiff purports to have allegedly arising under the Copyright or Lanham Acts or otherwise;

5.    that upon final hearing, the Plaintiff take nothing by its suit against the Defendants and that it be denied all relief prayed for in the First Amended Complaint;

6.    awarding the Defendants their damages caused by the Plaintiff's unlawful conduct, and that such award be trebled;

7.    awarding the Defendants punitive damages pursuant to the common law as well as state laws authorizing imposition of punitive damages;

8.    for an assessment of costs, interest and attorneys' fees incurred by the Defendants; and

9.    for such other and further relief as the Court deems just.

Dated: New York, NY               **ABELMAN FRAYNE & SCHWAB**
       December 18, 2007

_____/s/_____
Michael Aschen (6336)
666 Third Avenue
New York, New York  10017
(212) 949-9022
maschen@lawabel.com

Counsel for the Defendants

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing Defendants' Answer to the First Amended Complaint, Affirmative Defenses, and Counterclaims was, this 18th day of December, 2007, filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.